UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SIMON ORTIZ,

                          Plaintiff,

                                                    **FIRST AMENDED**
                                                    **COMPLAINT**

            -against-
                                                    Jury Trial
                                                    15 CV 2915 (LGS)

THE CITY OF NEW YORK, JEFF HARRIS,
ROBERT KELLY,

                          Defendants.
-------------------------------------------------------------------x

        Plaintiff SIMON ORTIZ (hereinafter "Plaintiff") by and through his

attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his

civil rights, as secured by statutes and the Constitution of the State of New York and the

United States.

### JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and

the Fourth and Fourteenth Amendments to the United States and New York

Constitutions.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

7.      Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

8.      Defendant City of New York is a municipal organization duly established under the laws and constitution of the State of New York.

9.      Defendants Harris and Kelly are officers with the NYPD at the time when plaintiff's claims arose.   They are sued in their individual, supervisory and official capacities.

**FACTS**

9.      On July 11, 2014 ("date of incident"), plaintiff was inside a bodega in Spanish Harlem.

10.      It is plaintiff's local bodega and he frequently shops there.  Plaintiff knows the employees and the owner of the establishment.

11.    On the date of the incident as plaintiff was talking to one of the co-workers, when defendant Harris came up to plaintiff and stated "Do you know who I am?"

12.    Plaintiff did not respond because he did not know the defendant and continued talking to his friend.

13.    Thereafter, Defendant Harris kept shouting at plaintiff and repeating "Do you know who I am?" Plaintiff simply ignored him.

14.    Defendant Harris then took both his hands and stuck them inside plaintiff's pants pockets. Seconds later, Harris pulled an item out of plaintiff's pocket and stated "Look what I got here." Plaintiff did not recognize the item because it was not in his pocket but rather planted there by Harris.

15.    Plaintiff was then violently taken out of the bodega, thrown against the building and had his hands yanked in such a manner as to cause severe pain.

16.    Harris with the assistance of Kelly, then tightened the handcuffs so as to cause further pain by restricting blood flow and causing injuries to plaintiff's wrists.

17.    Plaintiff was taken to a local precinct where he learned for the first time that he was charged with possession of heroin.

18.    Plaintiff was strip-searched, had his arrest processed, transported to central booking and held for 24 hours before he was released on bail.

19.    Plaintiff made numerous court appearances where defendants failed to show up.

20.    The charges were terminated in plaintiff's favor on January 7, 2015.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

21.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

22.     Plaintiff was stopped, frisked and arrested after defendants planted drugs on him.

23.     Plaintiff suffered injuries when he was yanked, thrown against the building and injured his wrists when defendants tightened the handcuffs placed on plaintiff.

24.     Plaintiff was strip-searched without any just cause.

25.     Plaintiff spent 24 hours in jail while suffering through the injuries caused by defendants.

26.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under14[th] Amendment-Due Process/Malicious Prosecution)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.   The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

29.     Defendants initiated false and baseless proceedings against plaintiff.

30.    Defendants knew that if they forwarded the false information to the DA's office, plaintiff would be prosecuted.

31.    Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

32.    The proceedings were terminated in plaintiff's favor.

33.    As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

34.    Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

35.    Defendants planted drugs on plaintiff.

36.    Defendants then arrested plaintiff for the drugs and forwarded false information to the DA that the plaintiff was in possession of drugs.

37.    The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

38.    As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendant Kelly while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices. These practices have been found unconstitutional by the SDNY. Yet they continue to this day and target individuals like plaintiff.

42.     Stopping and frisking minorities without any probable cause and planting drugs on them ("flaking") to generate an arrest or meet quotas and strip-searching innocent individuals are endemic problems within the NYPD.

43.     Defendant Kelly whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

44.     As a result of the failure of Kelly to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendant Kelly tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendant constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

46.     Defendant Kelly was directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars for each and every Cause of Action;

b. Award the costs of this action to the Plaintiff;

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

d. Award punitive damages in an amount assessed by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
August 23, 2015

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*